John A. Elardo, Esq., #015043
**ELARDO, BRAGG & ROSSI, P.C.**
3001 East Camelback Road, Suite 130
Phoenix, Arizona 85016
(602) 889-0272   File No.: 320-016
Minute Entries:  court@ebarlaw.com
e-mail: jelardo@ebarlaw.com
*Attorneys for Plaintiff*



IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| MICHAEL ANTHONY ROSSI, a single individual,<br><br>Plaintiff,<br><br>vs.<br><br>BADGER MUTUAL INSURANCE COMPANY, a Wisconsin corporation;<br><br>Defendants. | Case No.: CV2018-003990<br><br>**SUMMONS**<br><br>(Tort- Insurance Bad Faith & Breach of Contract)<br><br>If you would like legal advice from a lawyer, Contact the Lawyer Referral Service at 602-257-4434<br>or<br>www.maricopalawyers.org<br>Sponsored by the<br>Maricopa County Bar Association |

**THE STATE OF ARIZONA TO THE DEFENDANT:**

**Badger Mutual Insurance Company**

**YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time applicable, in this action in this Court.  If served within Arizona, you shall appear and defend within **20** days after the service of the Summons and Complaint upon you, exclusive of the day of service.  If served out of the State of Arizona -- whether by direct service, by registered or certified mail, or by publication -- you shall appear and defend within **30** days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service.  Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until

1

expiration of **40** days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete **30** days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete **30** days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete **30** days after filing the Affidavit of Compliance and return receipt or Officer's Return. **RCP 4; ARIZ. REV. STAT. ANN. §§ 20-222, 28-502, 28-503**.

**YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiff's attorney. **RCP 10(d); ARIZ. REV. STAT. ANN. § 12-311; RCP 5.**

Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by parties at least 3 judicial days in advance of a scheduled court proceeding.

The name and address of Plaintiff's attorney is:

>John A. Elardo, Esq.
>**ELARDO, BRAGG & ROSSI, P.C.**
>3001 East Camelback Road, Suite 130
>Phoenix, Arizona 85016

MAR 2 3 2018

**SIGNED AND SEALED this date:** _____ MICHAEL K. JEANES, CLERK



**Clerk**

By _____
**Deputy Clerk** C. Flores
Deputy Clerk

2



MAR 23 2018
MICHAEL K. JEANES, CLERK
C. FLORES
DEPUTY CLERK

John A. Elardo, Esq., #015043
**ELARDO, BRAGG & ROSSI, P.C.**
3001 East Camelback Road, Suite 130
Phoenix, Arizona 85016
(602) 889-0272   File No.: 320-016
Minute Entries:  court@ebarlaw.com
e-mail: jelardo@ebarlaw.com
*Attorney for Plaintiff*

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
### IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| MICHAEL ANTHONY ROSSI, a single individual,<br><br>Plaintiff,<br><br>vs.<br><br>BADGER MUTUAL INSURANCE COMPANY, a Wisconsin corporation;<br><br>Defendants. | Case No.: CV2018-003990<br><br>**COMPLAINT**<br><br>(Tort- Insurance Bad Faith & Breach of Contract) |

Plaintiff, Michael Anthony Rossi, by and through his attorney, for his Complaint against Defendant alleges the following:

### GENERAL ALLEGATIONS
### THE PARTIES AND JURISDICTION

1. Plaintiff Michael Anthony Rossi (herein "Plaintiff") was, at all times relevant, a resident of Maricopa County, Arizona.

1

2. Defendant Badger Mutual Insurance Company ("Badger Mutual") was and is an insurance carrier duly licensed by the State of Arizona to conduct and transact business in the State of Arizona and is doing business in the State of Arizona.

3. Jurisdiction and venue are proper in this Court and the amount in controversy exceeds the minimum amount required for jurisdiction of this Court.

4. Plaintiff is the assignee of Rachel Catherine Gable ("Gable"), by way of a Helm Agreement, with respect to all rights that Gable had or might at any time have acquired against Badger Mutual as it relates to how the claim against her was handled pre-litigation, including Badger Mutual's refusal to settle Plaintiff's claim for or within the policy limits.

### ALLEGATIONS COMMON TO ALL COUNTS

5. At all relevant times, Gable was an insured under Policy No. 00662-15179.

6. The Badger Mutual policy contained policy limits of $100,000 per claim.

7. On December 27, 2014, Plaintiff was riding as a passenger in a Polaris RZR UTV driven by Gable on Forest Road 300 outside of Show Low, Arizona when Gable, traveling at a speed that was unreasonable for the conditions, negligently caused the vehicle to slide sideways in the snow and dirt, flip, and hit two trees before coming to rest.

8. As a direct and proximate result of Gable's negligence, Plaintiff suffered catastrophic injuries and had extensive surgeries, medical care and treatment. Plaintiff has incurred medical costs and other related expenses for the care of his injuries. These

injuries are permanent and will cause Plaintiff physical pain and suffering in the future necessitating further medical treatment.

9. On November 9, 2016, Plaintiff attempted to settle the claim against Gable in exchange for payment of the $100,000 policy limit. The time limit demand was to expire on November 24, 2016.

10. On November 22, 2016, counsel for Badger Mutual responded to the policy limits demand stating that they were in the process of investigating and evaluating the claim and would respond after they had the opportunity to further investigate the claim.

11. On January 10, 2017, Plaintiff sent a second time limit demand for the policy limit. The demand expired on January 20, 2017.

12. On January 24, 2017, counsel for Badger Mutual responded to the second demand and refused to pay its policy limits.

13. At no point did Badger Mutual ever make an offer to settle the claim.

14. It is believed, upon information and belief, that Gable requested that Badger Mutual settle the claim to protect her from an excess judgment.

15. Badger Mutual owed a duty to Gable to settle the claim within the policy limits.

16. Had Badger Mutual paid the liability policy limits, Plaintiff would have settled his claim against Gable and she would have been protected against the threat of any personal exposure beyond the available limits.

17. Despite Badger Mutual's obligations to Gable, it did not offer to settle the claim.

18. Plaintiff then entered into a Helm agreement with Gable on May 16, 2017, under which Gable stipulated to the entry of judgment against her for a reasonable amount.

19. Prior to entry of the stipulated judgment, Badger Mutual breached the contract by failing to offer to settle the claim and by failing to perform any investigation into whether Gable was at fault.

## COUNT ONE

**(Tortious Breach of Implied Covenant of Good Faith and Fair Dealing)**

20. Plaintiff hereby incorporates all allegations of the Complaint as if fully set forth herein.

21. In every contract there exists an implied covenant of good faith and fair dealing.

22. The actions of Badger Mutual herein amount to a breach of the implied covenant of good faith and fair dealing with its insured Gable.

23. Badger Mutual breached its duty to insured Gable and impaired Gable's rights to the benefit of the insurance policy.

24. Badger Mutual's acts were to serve its own interest, having reason to know and consciously disregarding the substantial risk that their actions might significantly impair Gable's rights to the reasonable benefits of the policy.

25. Badger Mutual failed to give equal consideration to Gable and placed its interests ahead of Gable, despite the extensive degree of hazard Gable faced.

26. Badger Mutual acted unreasonably and in bad faith by refusing to properly compensate Plaintiff for his injuries sustained in the underlying accident.

27. Badger Mutual acted unreasonably and in bad faith by denying the insured the benefits of the insurance coverage without good and substantial reason.

28. Plaintiff is entitled by virtue of the assignment and Badger Mutual's conduct to a judgment against Badger Mutual in the amount of the judgment entered against Gable plus interest accrued thereon.

## COUNT TWO

### (Breach of Contract)

29. Plaintiff hereby incorporates all allegations of the Complaint as if fully set forth herein.

30. A contract exists between Gable and Defendant Badger Mutual. Gable performed all conditions of the contract required to be performed on her part.

31. Despite knowing the policy purchased by Gable was for purpose of insuring her, Badger Mutual did not provide liability coverage to Gable.

32. Gable believed the liability insurance she purchased from Badger Mutual covered the type of injuries sustained by Plaintiff.

33. Badger did not reserve rights regarding coverage and coverage exists under the policy.

34. Gable had a reasonable expectation of coverage provided by Badger Mutual.

35. Badger Mutual breached the contract of insurance by failing to provide coverage and indemnify Gable when Plaintiff filed the Complaint making a claim for his personal injuries against Gable.

36. Badger Mutual breached the contract of insurance by failing to offer to settle the claim or perform an investigation to determine whether or not Gable was at fault before Gable entered into the stipulated judgment.

37. Badger failed to treat the settlement offer with equal consideration, placed its own interests ahead of the insured's interests, and caused the damage alleged herein.

38. As a proximate and foreseeable result of Badger Mutual's breach, Gable suffered damages in the amount of $1,000,000.

WHEREFORE, Plaintiff prays for judgment as follows:

A.   For the amount of the judgment entered against Gable;

B.   For benefits owed under the policy;

C.   For punitive damage in an amount sufficient to punish Badger Mutual;

D.   For all costs incurred herein;

E.   For such other and further relief as this Court deems just and proper under the circumstances.

Dated this 23rd day of March, 2018.

**ELARDO, BRAGG & ROSSI, P.C.**

By_____
John A. Elardo, Esq.
3001 East Camelback Road, Suite 130
Phoenix, Arizona 85016
*Attorney for Plaintiff*



John A. Elardo, Esq., #015043
**ELARDO, BRAGG & ROSSI, P.C.**
3001 East Camelback Road, Suite 130
Phoenix, Arizona 85016
(602) 889-0272   File No.: 320-016
Minute Entries:  court@ebarlaw.com
e-mail: jelardo@ebarlaw.com
*Attorney for Plaintiff*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| MICHAEL ANTHONY ROSSI, a single individual,<br><br>Plaintiff,<br><br>vs.<br><br>BADGER MUTUAL INSURANCE COMPANY, a Wisconsin corporation;<br><br>Defendants. | Case No.: CV2018-003990<br><br>**CERTIFICATE REGARDING COMPULSORY ARBITRATION**<br><br>(Tort- Insurance Bad Faith & Breach of Contract) |

Pursuant to Rule 72(e)(1) of the Arizona Rules of Civil Procedure, Plaintiff, Michael Anthony Rossi, by and through undersigned counsel, certifies the largest award sought herein, including punitive damages, but excluding interest, attorneys' fees, and costs, **does** exceed the limits set by Local Rule for compulsory arbitration. This case **is not** subject to arbitration.

[...]

1

Dated this 23 day of March, 2018.

**ELARDO, BRAGG & ROSSI, P.C.**

By _____
John A. Elardo, Esq.
3001 East Camelback Road, Suite 130
Phoenix, Arizona 85016
*Attorney for Plaintiff*



John A. Elardo, Esq., #015043
**ELARDO, BRAGG & ROSSI, P.C.**
3001 East Camelback Road, Suite 130
Phoenix, Arizona 85016
(602) 889-0272   File No.: 320-016
Minute Entries:  court@ebarlaw.com
e-mail: jelardo@ebarlaw.com
*Attorney for Plaintiff*

MAR 2 3 2018



MICHAEL K. JEANES, CLERK
C. FLORES
DEPUTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| MICHAEL ANTHONY ROSSI, a single individual,<br><br>Plaintiff,<br><br>vs.<br><br>BADGER MUTUAL INSURANCE COMPANY, a Wisconsin corporation;<br><br>Defendants. | Case No.: CV2018-003990<br><br>**PLAINTIFF'S DEMAND FOR JURY TRIAL**<br><br>(Tort- Insurance Bad Faith & Breach of Contract) |

Plaintiff, Michael Anthony Rossi, by and through undersigned counsel, pursuant to Rule 38 of the Arizona Rules of Civil Procedure, hereby demands a trial by jury in the above-entitled matter.

Dated this 23 day of March, 2018.

**ELARDO, BRAGG & ROSSI, P.C.**

By _____ for
John A. Elardo, Esq.
3001 East Camelback Road, Suite 130
Phoenix, Arizona 85016
*Attorney for Plaintiff*

1

John A. Elardo, Esq., #015043
**ELARDO, BRAGG & ROSSI, P.C.**
3001 East Camelback Road, Suite 130
Phoenix, Arizona 85016
(602) 889-0272  File No.: 320-016
Minute Entries: court@ebarlaw.com
e-mail: jelardo@ebarlaw.com
*Attorney for Plaintiff*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| MICHAEL ANTHONY ROSSI, a single individual,<br><br>Plaintiff,<br><br>vs.<br><br>BADGER MUTUAL INSURANCE COMPANY, a Wisconsin corporation;<br><br>Defendants. | Case No.: CV2018-003990<br><br>**ACCEPTANCE AND WAIVER OF SERVICE**<br><br>(Tort- Insurance Bad Faith & Breach of Contract) |

STATE OF ARIZONA   )
                   ) ss:
County of Maricopa )

I, Kevin C. Barrett, Esq., being first duly sworn upon his oath, deposes and says:

1. I am the attorney for Defendant Badger Mutual Insurance Company in the above-entitled and numbered cause.

2. I hereby acknowledge that I have received copies of the Summons and Complaint in the above-entitled and numbered cause.

[...]

1

3. I am authorized to and do hereby accept service of process on behalf of said Defendant and agree that the action may proceed against said Defendant as though it had been personally served.

Dated this 18th day of April, 2018.

**BARRETT MATURA**

By _____
Kevin C. Barrett, Esq.
8925 East Pima Center Parkway, Suite 100
Scottsdale, Arizona 85258
*Attorney for Defendant*

**SUBSCRIBED AND SWORN** to before me this 18th day of April, 2018, by Kevin C. Barrett.

_____
Notary Public

My commission expires:

7/31/21

CAROLYN J. HARRINGTON
Notary Public, State of Arizona
Maricopa County
My Commission Expires
July 31, 2021